**SPERRY RAND CORPORATION**
v.
**RONSON SERVICE, Inc.**
Civ. A. No. 18464.

United States District Court
E. D. Pennsylvania.
Dec. 30, 1957.

---

**4**

Zachary T. Wobensmith, 2nd, Philadelphia, Pa., for plaintiff.

Wallace D. Newcomb, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This suit for the infringement of two patents for electric dry shavers involves the issues of validity and infringement, as to both. The patents are in no way related, being directed to entirely distinct features of the shaver and will, therefore, be dealt with separately.

### Streng Patent No. 2,561,241

Claims 1, 2 and 5 are charged to be infringed. Claim 1 [1] is typical. We turn to the specification in order to ascertain in what respect the patentee claimed that his patent was an inventive advance over the prior art. The patentee, after stating that most dry shavers are provided with hair pockets or receivers for catching and storing hair cut during shaving, says "All existing hair pockets for electric dry shavers, as known today, have the common disadvantage of affording extremely limited storage space for cut hair, thus necessitating frequent disposal and cleaning [2] * * * The invention * * * contemplates the provision of a removable end member or casing section which forms a unitary hair pocket having increased storage capacity." Later in the specification he says "It will now be clear that the described shaver construction provides a novel arrangement whereby storage capacity for hair cuttings is materially increased over present shavers without increasing the overall dimensions of the shaver proper."

Taking these statements in connection with the balance of the disclosure

---

[1] "1. In a dry shaver of the class described the combination of, a pair of separable casing sections; means to removably hold said sections in telescopic relation relative to one another; and at least one open ended cutter head mounted upon one of said sections, characterized by the fact, that an uninterrupted hair receiving chamber is defined between said sections when in assembled relation to receive and store hair cut by said cutter head and discharged through the open ends thereof."

[2] Apparently the idea of increasing storage space in order to store a larger quantity of hair for a longer time and thus avoid frequent cleaning did not turn out to be an advantage. Both Ronson and Remington (the plaintiff), in instructions accompanying their razors advise cleaning after every shave. Remington advises "Clean Heads After Each Shave * * *. This prevents excessive hair chips from collecting in the cutters and impairing their shaving efficiency. Heads that are filled with hair chips may give the user the impression that the cutters are losing their sharpness."

and the file wrapper history, it is plain that what the patentee had in mind when he filed his application and what he set out to patent was the combination with ordinary types of shavers of a telescoping sleeve-like section surrounding the head, large enough to leave plenty of room to catch and retain hair clippings cut by the cutting heads, without spoiling the streamline appearance of the instrument. However, in proceedings which consisted of the submission to and rejection by the examiner of some twenty-seven claims and the final allowance of seven entirely new ones, the Patent Office steadfastly refused to concede the patentability of the plaintiff's alleged improvement, apparently being in accord with the defendant's view, as stated in its brief, that not much more was involved than in providing a large wastepaper basket to avoid the need of emptying a smaller basket more frequently. The patentee finally acquiesced in the examiner's ruling and cancelled all his claims—an action which is, in practical effect, the equivalent of a disclaimer.

Having abandoned the attempt to obtain a patent upon the enlarged hair chamber for electric shavers generally, the patentee appears to have broken down the resistance of the examiner by claiming it in combination with one particular type (not new) of cutter head, namely, an "open ended cutter head" discharging hair cut by it "through the open ends thereof" into the hair receiving chamber—a feature disclosed but not theretofore claimed.

Hollow or open ended cutter heads were common in the art. In fact, the whole combination was old. The specification speaks of most commercial shavers as having two "hair pockets which are generally held adjacent the open ends of the shaver shearing head." Obviously, no invention can be found in the combination unless it can be shown that it involves more than merely specifying a particular type of cutter head. To constitute invention, it is essential that the elements of a combination must have some new functional relationship, accomplishing a new and not readily anticipated result. In the present case, there is no new functional relationship whatever between the open ended cutter head and the hair receiving chamber, also an old element. The cutter of the patent performs its function of discharging hair into the receiving chamber, entirely unaffected by the size, shape or exact location of the latter, just as those of the Blackwell and Alexay patents did. The chamber performs its function of receiving and storing hair wholly independent of the manner in which the hair is discharged into it, whether through the ends of the cutter or from its sides or both. The result of combining the two is no more than any mechanically minded person would expect and certainly not beyond the ability of any ordinarily skilled workman to accomplish.

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. * * * A patent for a combination which only unites old elements with no change in their respective functions * * * obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly." Great A. & P. Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 130, 95 L.Ed. 162. I, therefore, hold the Streng patent invalid for want of any inventive advance over the prior art.

As has been pointed out, the thing by which Streng obtained his patent and the only thing which, in the eyes of the Patent Office, supported its validity was the inclusion in his combination of an open ended cutter discharging hair through its open ends. I do not see how it is possible to argue that the Ronson cutting head is open ended or that it can discharge any hair through the metal discs which completely cover

its ends. When the patentability claimed for a combination depends upon the use of an element of one precisely specified type, the doctrine of equivalents is rather sharply limited. I do not think that even a broad extension of the doctrine would construe a closed ended cutter discharging clippings at its sides or transversely from between its blades as an "open ended cutter" by which cuttings are "discharged through the open ends". The Ronson shaver does not infringe the Streng patent.

## Going Patent No. 2,292,438

This patent is for an electric dry shaver designed to cut both long and short hairs simultaneously, that is, by the same stroke of the razor.

The perforations in the shear plate of a razor designed for close shaving only must necessarily be quite small, too small to make it possible to cut long hair with them. Long hair is cut by an arrangement like a barber's clippers. Going does not suggest that the idea of combining the two was original with him. He says "Razors which are adapted to cut both long and short hair are well known in the art, but it has been the practice to provide one set of shearing members for both operations." He states that one object of his patent "is to provide separate and distinct cutters in the shearing head for cutting long and short hairs respectively." His principal object is "to provide a shearing head for razors of this type, having separate inner cutters cooperating with a specially designed stationary shear plate for cutting long and short hair, respectively." The element of *simultaneous* cutting is not stated as one of the objects of the patent and does not appear in the file wrapper until late in the Patent Office proceedings after some nineteen claims had been rejected by the examiner.

The prior patented art cited by the defendant shows a number of shavers in which clipper-like elements are combined with finely perforated shear plates. Wright, No. 2,263,155 (not cited by the examiner against Going) shows such construction and is designed so that, by a simple manipulation in shaving—giving it the proper inclination relative to the face—it is possible either to shave both long and short hairs simultaneously or to shave first one and then the other separately. It would appear that Wright is a complete anticipation of the Going patent, with the exception of the fact that Wright's clipper element is in the arc of the cutting head while Going's extends laterally from it so as to form a projecting comb-like structure. I am unable to see how this construction is needed to accomplish or even improve the simultaneous cutting of long and short hairs, which seems to be the essence of the Going patent. Nor can I find any evidence of a new or unanticipated result in any direction or any new functional relationship between the parts of the shaver which cut the long and short hairs respectively. In short, I do not believe it to be an inventive advance merely to add a toothed long hair cutter or barber's clipper to the side of an electric razor. The results achieved by varying the distance between the toothed cutter and the perforated cutter for short hair would be obvious to anyone skilled in the art.

I think that if the Going patent were valid the Ronson shaver would infringe. While it is better adapted to clipping long hair in a separate operation from the close shaving, I am convinced from the court room demonstration that it is by no means impossible to operate it so as to cut long and short hairs in a single stroke of the razor, which is what is meant by "simultaneous" in this connection. The mere fact that this may not have been the primary object of the construction or that it is not as easy or desirable a method as some other one does not prevent a holding of infringement. The two shavers are substantially the same in all other pertinent particulars.

I, therefore, hold that the Going patent is invalid for want of invention over the prior art and, if valid, the Ronson shaver would infringe it.

Decree accordingly.